# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANE L WEAVER,<br><br>                Plaintiff,<br><br>     v.<br><br>AMERICAN SENIOR BENEFITS, LLC; CLAYTON LEGEYT; AND JAMES SWEENEY,<br>                Defendant. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. § 1441, Defendants American Senior Benefits, LLC; Clayton Legeyt; and James Sweeney (collectively, "Defendants") remove this action from the Court of Common Pleas of Berks County, Pennsylvania, where it is pending as Case No. 23-12546, to the United States District Court for the Eastern District of Pennsylvania. As set forth more fully below, the case is properly removed to this Court because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 and because Defendants have satisfied the procedural requirements for removal under 28 U.S.C. §§ 1441 and 1446. In support of removal, Defendants state as follows:

## JURISDICTIONAL STATEMENT

1. Plaintiff Shane L. Weaver ("Plaintiff") commenced this action by Summons filed on August 11, 2023 in the Court of Common Pleas of Berks County, Case No. 23-12546 ("State Court Action"). True and correct copies of any process, pleadings, and orders that Plaintiff purportedly served on Defendants as of the date of this Notice of Removal are attached as Exhibit A.

1

2. Plaintiff did not file a Complaint in the State Court action until October 10, 2023. An additional true and correct copy of the Complaint is attached as Exhibit B.

3. The Complaint asserts six counts against Defendants, each of which arises out of one or more phone calls he allegedly received: Counts I, II, and III under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") (Compl. ¶¶ 64–71, 72–77, 78–82); and Counts IV, V, and VI under the Pennsylvania Telemarketer Registration Act, 73 P.S. § 2243 ("PTRA"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.2(a) ("UTPCPL") (Compl. ¶¶ 83–91, 92–101, 102–110).

4. This Court has original jurisdiction over Plaintiff's TCPA claims (Counts I, II, and III), and therefore over this action. Per 28 U.S.C. § 1331, the United States District Courts "have original jurisdiction over all civil actions arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331. As Plaintiff's TCPA claims "plainly" arise under federal law, this Court has original subject matter jurisdiction over this action. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372, 387 (2012) ("[T]he TCPA is a federal law that both creates the claim [plaintiff] has brought and supplies the substantive rules that will govern the case."); *see also Hawk Valley, Inc. v. Taylor*, No. 10-0804, 2012 WL 1079965, at *6 (E.D. Pa. Mar. 30, 2012) ("[P]rivate TCPA claims . . . may be heard by a federal court exercising its federal question jurisdiction pursuant to Section 1331.").

5. This Court also has supplemental jurisdiction over Plaintiff's remaining state law claims. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also Godfrey v. Upland*

*Borough*, 209 F. Supp. 3d 804, 807 (E.D. Pa. 2016). As Plaintiff's state law claims arise from the same alleged conduct underlying his TCPA claims, this Court has supplemental jurisdiction over Counts IV, V, and VI of the Complaint.

## **PROCEDURAL STATEMENT**

6. This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

7. Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Eastern District of Pennsylvania is proper because it embraces the Court of Common Pleas of Berks County, Pennsylvania, where the State Court Action was pending before removal. *See* 28 U.S.C. § 118.

8. Pursuant to 28 U.S.C. § 1441(b)(2), Defendants may remove this action without regard to citizenship because this Court's jurisdiction is not based "solely on . . . jurisdiction under section 1332(a)"; rather, this Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. *See*, *supra*, ¶¶ 4–5.

9. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other process, pleadings, and orders that Plaintiff purportedly served on Defendants as of the date of this Notice of Removal are attached as Exhibits A and B.

10. Plaintiff purports to have served Defendants with a copy of the Complaint on October 11, 2023. *See* Ex. A at p. 41. Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of when Plaintiff purports to have served Defendants with the "initial pleading setting forth the claim for relief upon which such action or proceeding is based."

11. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all named Defendants join in this removal.

12.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Berks County, and will give Plaintiff written notice of its filing.

13.     By removing this action to this Court, Defendants do not waive and expressly reserve any and all defenses, objections, and rights available to them under state or federal law, including all rights to contest this Court's jurisdiction over the Defendants, whether by a motion pursuant to the Federal Rules of Civil Procedure or otherwise.

## CONCLUSION

WHEREFORE, Defendants respectfully provide notice that this action, previously pending in the Court of Common Pleas of Berks County, Pennsylvania, is hereby properly removed pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 and may proceed as if this case had been originally initiated in the United States District Court for the Eastern District of Pennsylvania.

Dated: November 2, 2023          COZEN O'CONNOR

By: */s/ Max E. Kaplan*
Max E. Kaplan (Pa. I.D. 323140)
**COZEN O'CONNOR**
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA  19103
Telephone:  (215) 665.2000
Facsimile:   (215) 665.2013
mkaplan@cozen.com

*Attorneys for Defendant American Senior Benefits, LLC; Clayton Legeyt; and James Sweeney*

## CERTIFICATE OF SERVICE

I, Max E. Kaplan, hereby certify that on November 2, 2023 I caused to be filed the foregoing document with the Clerk of Court using the Court's CM/ECF system. I further certify that the foregoing document is being served this day on the below identified Plaintiff via transmission of the Notices of Electronic Filing generated by CM/ECF, if authorized, and by email as addressed below:

Shane L. Weaver<br>
Shane L. Weaver & Associates<br>
33 Robin Hood Dr.<br>
Etters, PA 17319<br>
commonpleas@shaneweaverlaw.com<br>
*Counsel for Plaintiff*<br>
*Shane Weaver*

*/s/ Max E. Kaplan*
Max E. Kaplan