# EXHIBIT B

Shane Weaver, Attorney ID # 206486
Email: commonpleas@shaneweaverlaw.com
Shane Weaver Law
33 Robin Hood Dr.
Etters, PA 17319
*Attorney for Plaintiff*

IN THE COURT OF COMMON PLEAS
OF BERKS COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| SHANE L WEAVER | : | |
| 3226 EISENBROWN ROAD | : | CASE NO.  23-12546 |
| READING, PA 19605 | : | |
| Plaintiff | : | |
| v. | : | Jury Trial Demanded |
| AMERICAN SENIOR BENEFITS, LLC; | : | |
| CLAYTON LEGEYT; and JAMES | : | |
| SWEENEY | : | |
| | : | |
| Defendants | : | |

**<u>NOTICE TO DEFEND</u>**

You have been sued in Court If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THESE PAPERS TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.
**<u>Lawyers' Referral Service of the</u>**
**<u>Berks County Bar Association</u>**
**<u>544 Court Street</u>**

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

**Reading, Pennsylvania 19601**
**Telephone (610) 375-4591**
**www.berksbar.com**

**AVISO**

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTES, USTED TIENE VEINTE (20) DIAS DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICACION. HACE FALTA ASCENTAR UNA COMPARENCIA ESCRITA O EN PERSONA O CON UN ABOGADO Y ENTREGAR A LA CORTE EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION. ADEMAS, LA CORTE PUEDE DECIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**Lawyers' Referral Service of the**
**Berks County Bar Association**
**544 Court Street**
**Reading, Pennsylvania 19601**
**Telephone (610) 375-4591**
**www.berksbar.com**

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

Shane Weaver, Attorney ID # 206486
Email: commonpleas@shaneweaverlaw.com
Shane Weaver Law
33 Robin Hood Dr.
Etters, PA 17319
*Attorney for Plaintiff*

IN THE COURT OF COMMON PLEAS
OF BERKS COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| SHANE L WEAVER | : | |
| 3226 EISENBROWN ROAD | : | CASE NO.  23-12546 |
| READING, PA 19605 | : | |
| Plaintiff | : | |
| v. | : | Jury Trial Demanded |
| AMERICAN SENIOR BENEFITS, LLC; | : | |
| CLAYTON LEGEYT; and JAMES | : | |
| SWEENEY | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S COMPLAINT**

**NOW COMES**, Plaintiff, by and through his counsel, Shane L. Weaver, and avers the

following in support of his claims as outlined below.

**INTRODUCTION**

1. Defendant, American Senior Benefits, LLC, ("ASB"), is, upon information and belief, a

   type of insurance broker specializing in the needs of senior citizens.  ASB and its

   affiliated agents use automatic telephone dialing systems ('ATDS") to contact

   individuals via unsolicited telemarketing calls and offer products such as Medicare

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

supplements, life insurance, long/short term health insurance, retirement planning, and specialized health care.

2.  Defendant, Clay LeGeyt ("LeGeyt"), is, upon information and belief, a managing general partner at ASB who oversees the management and business decisions of ASB.

3.  Defendant, James Sweeney ("Sweeney"), is, upon information and belief, a managing partner at ASB who oversees the management and business decisions of ASB.

4.  Defendants regularly conduct business in this jurisdiction and avail themselves of the benefits of this jurisdiction.

5.  A substantial portion of the transaction(s), occurrences(s), act(s), or omission(s) took place in this jurisdiction.

6.  Plaintiff, Shane Weaver, is an individual homeowner living at 3226 Eisenbrown Road, Reading Pa, 19605 who received illegal telemarketing calls at his home from ASB or on behalf of ASB.  Plaintiff brings this action under the Telephone Consumer Protection Act, which prohibits the use of ATDS to make calls and calls to numbers on the National Do Not Call Registry unless the caller has the recipient's written permission.  Plaintiff seeks relief including an injunction to end these practices, and an award for statutory damages for knowingly violating the provisions of the Telephone Consumer Protection Act.

**PARTIES**

7.  Plaintiff, Shane Weaver, is citizen of Pennsylvania residing in Berks County Pennsylvania.

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

8.  Defendant, ASB, is a Domestic Limited Liability Company, Incorporated in the state of Ohio.

9.  Defendant, LeGeyt, is a managing partner of ASB.   Defendant instituted and maintained the within referenced policies in which ATDS that stores telephone numbers to be called using random or sequential number generators is used to contact individuals, which then connects the individual with agents of ASB, who continue the unsolicited sales call with the individuals, which whom neither ASB nor the agent have an existing business relationship.

10. Defendant, Sweeney, is a managing partner at ASB.   Defendant instituted and maintained the within referenced policies in which ATDS stores telephone numbers to be called using random or sequential number generators is used to contact individuals, which then connects the individual with agents of ASB, who continue the unsolicited sales call with the individuals, which whom neither ASB nor the agent have an existing business relationship.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction under 28 U.S.C § 1331 and 42 Pa. § 931(a).

12. This Court has personal jurisdiction over Defendants because ASB conducts, engages in and/or carries on, business activities in this County and a substantial part of the wrongful acts alleged in this Complaint were committed in Berks County.

13. This Court has subject matter jurisdiction pursuant to the findings of _Mims v Arrow Financial Services, LLC_, 565 U.S. 368 (2012).

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

14. Venue is proper under 42 Pa. § 931(c) because Plaintiff Weaver resides in this County and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this County.

## THE TCPA

15. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarking practices.

16.  The TCPA makes it unlawful to make telemarking calls "other than a call made for emergency purposes or made with the prior express consent of the called party" using an ATDS or an artificial prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service."  47 U.S.C. § 227 (A)(iii).

17. Additionally, the TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.  47 U.S.C. § 227(b)(1)(B).

18. The TCPA also makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do Not Call Registry or the entity's company specific do-not-call list.  47 U.S.C. § 227 (c)(5)p. 47 C.F.R. § 64.1200(c)(2) & (d).

19. The TCPA provides a private cause of action to persons who receive calls in violation of these provisions. *See* 47 U.S.C. § 227(b), (c).

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

20. According to findings by the Federal Communications Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

21. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used per Rule and Regulations Implementing the Tel. Consumer Prot. Act of 1991, CG Docket No. 02-278, Report and Order, 18 F.C.C. Red. 14011, 14115 ¶ 165 (2003).

22. In 2013, the FCC required prior express written consent for all ATDS/ autodialed and/or prerecorded telemarking calls ("Robocalls") to wireless numbers and residential lines.

23. Plaintiff states that consistent with the FCC rule a consumer's written consent to receive telemarking calls must be signed and be sufficient to show that the consumer:

    a. Received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and

    b. having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

24. Plaintiff further states that the written consent agreement must be obtained, "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

25. The TCPA's implementing regulations prohibit any company from initiating any telemarking calls unless the company has implemented certain internal procedures consistent with 47 C.F.R. 64.1200(d)(1)-(6) it include a "do-not-call" policy.

26. Said internal procedures found at 47 C.F.R. 64.1200(d)(4) include the

27. A seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls.  requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted.

28. These requirements described above apply to calls made to wireless telephone numbers such as the Plaintiff's and were not provided to the Plaintiff and are therefore against the provisions of 47 C.F.R. 64.1200(d)(4).

29. Plaintiff contends that telemarking calls are currently the number one source of consumer complaints at the FCC based on an article written by Tom Wheeler, entitled "Cutting Off Robocalls" (July 22, 2016) https:/ /www.fcc.gov/news-events/blog/2016/07 /22/cutting-robocalls (statement of FCC chairman).

30. Plaintiff states that the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

violations." *See Rules and Regs. Implementing the Telephone Consumer Prot. Act of 1991* Mem. and Order. 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

31. In their January 4, 2008, ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. Id. (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

32. On May 9, 2013, the FCC confirmed this principal in a Declaratory Ruling holding that seller such as Defendants may not avoid liability by outsourcing telemarking:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy. May 2013 FCC Ruling, 28 FCC Red at 6588 (¶ 37) (internal citations omitted).

33. Plaintiff states the above May 2013 FCC Ruling further clarifies that the circumstances under which a telemarketer has apparent authority and thus agency rules for liability apply:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote, or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCP A for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew,..- (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct. 28 FCC Red at 6592 (146).

34. Defendants by hiring a company or lead generator to make calls on his behalf, manifests assent to another person that the agent shall act on the principal/Defendants' behalf and subject to the principal's control which is as described in the Restatement (Third) of Agency.

35. The FCC affirmed this principle in 2013 when it explained that "a seller . . . may be held vicariously liable under federal common law principles of agency for violations of either section 227 (b) or section 227(c) that are committed by third party telemarketers."  *See In the Matter of the Jt. Pet filed by Dish Network LLC, 28 F.C.C. Rcd. 6574 6574 (2013).*

36. Plaintiff is, and at all times mentioned herein, a 'person" as defined by 47 U.S. § 153 (39).

37. The Plaintiff's telephone number, (717) 265-XXXX, is registered to a wireless cellular telephone service.

38. The Plaintiff's telephone number is his residential telephone number.

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

**THE PENNSYLVANIA TELEMARKETER REGISTRATION ACT**

39. The Pennsylvania Telemarketer Registration Act ("PTRA") prohibits a telemarketer from initiating or causing to be initiated a telephone solicitation call to a residential telephone number of a residential telephone subscriber who does not wish to receive telephone solicitation calls and caused his name, address and telephone number to be enrolled on a do-not-call list maintained by the list administrator.  73 P.S. §2245.2.

40. The Pennsylvania Telemarketers Registration Act which is cited as 73 P.S. § 2243 ("the Act") makes various requirements on business or entities as well as individuals who do telemarking in the Commonwealth to become registered and obtain a bond.

41. A violation of the PTRA is also a violation of the Unfair Trade Practices and Consumer Protection Law ("UTRCPL"). 73 P.S. § 2246(a).

42. Nothing in the PTRA shall be construed as limiting the remedies available to consumers under the UTPCPL.


**THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW**

43. The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") prohibits businesses in Pennsylvania from engaging in fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding during a transaction.

44. Violation of the UTPCPL entitles the victim to the greater of actual damages or $100, treble damages, costs and attorneys' fees.  73 P.S. § 201-9.2(a).

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

**FACTUAL ALLEGATIONS**

A. **Defendants are liable for the Illegal Conduct**.

44. Defendants engaged in the practice of contacting consumers by unrequested telephone solicitations which are initiated by ATDS, wherein consumers are offered insurance and retirement related services.

45. ASB has a statutorily imposed duty to institute procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.   ASB did not meet the minimum standard of duty imposed on them.

46. ASB is statutorily required to register as a telemarketer in the Commonwealth of Pennsylvania and obtain a bond before it begins telemarketing in the Commonwealth of Pennsylvania and to maintain its registration and bond while actively engaging in telemarketing in the Commonwealth of Pennsylvania.

47. LeGeyt and Sweeney, as the managers for ASB, directed and controlled the business strategy and daily operations of those employed, retained, or otherwise connected to ASB.

48. LeGeyt and Sweeney, as the managers for ASB, directed and controlled the sales and marketing strategy of ASB, including the use of ATDS and other illegal activities for conducting telemarking calls.

49. On information and belief, ASB, LeGeyt, and Sweeney share assets, revenue, and access to capital.

50. ASB is statutorily prohibited from contacting residential telephone subscribers who are registered with the national do-not-call registry.

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

51. Upon information and belief, the telephone number 717-280-5799 belongs to ASB, or an agent of ASB operating on ASB's behalf.

52. Part of the marketing plan developed by ASB involves the use of illegal telemarking calls to consumers using ATDS that stores telephone numbers to be called using a random or sequential number generator to dial such numbers. These calls violate the TCPA as well as the PTRA and the UTPCPL.

53. Defendants know or should know that the telemarking calls conducted using ATDS that then connects consumers to ASB's employees and associates, makes Defendants potentially liable for the violations of the TCPA, the PTRA and the UTPCPL.

B. **Factual allegations concerning Plaintiff.**

54. Plaintiff owns a cellular telephone and cellular services with the number 717-265-6250.

55. Plaintiff states that On September 21, 2022, at or around 2:55 pm, a telemarking call was placed to this number. A second call was placed to this number the same day at or around 4:57 PM.

56. The number of the incoming calls was 717-280-5579. The caller identified himself as a representative of ASB but did not provide a name. He advised that he had been calling to see if the recipient was interested in the services offered by ASB. An accurate and complete copy of Plaintiff's call log for September 21, 2022, is attached hereto as Exhibit "**A**" and incorporated by reference throughout.

57. When Plaintiff answered the phone, he heard "dead air" after which a blip sound was detected, and he was eventually connected to a sales representative. These occurrences are manifest signs of the use of ATDS that are prohibited by the TCPA as explained below.

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

58. Plaintiff did not at any time request a call from anyone at ASB.

59. Plaintiff's phone number was registered on the National Do Not Call Registry years prior to this incident and Plaintiff's registration has not been revoked.

60. Plaintiff is charged for the service of receiving phone calls such as the ones received.

61. Plaintiff did not provide prior express written consent to Defendants or any of their agents to contact him on his cellular telephone line.

62. Plaintiff's privacy has been violated by the calls from, or on behalf of, Defendants as they constitute a nuisance and are annoying and harassing. Plaintiff had to use valuable cellular telephone minutes for which he paid to deal with this call.

63. Defendants are responsible for the acts of their agents and therefore directly liable for the invasion of privacy caused by this call.

**FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(B)(1)A)—CELLULAR TELEPHONE CALLS**

64. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

65. The foregoing acts and omissions of Defendants' and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf constitute a violation of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone number of the Plaintiff using ATDS that stores telephone numbers to be called using a random or sequential number generator to dial such number.

66. The TCPA provides at 47 U.S.C. § 227(b) et seq. in pertinent part:

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

b.  Restrictions on use of automated telephone equipment

(1)  Prohibitions – It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –

(A)  To make any call (other than a call for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –

(i)     To any emergency line (including any "911" line and any emergency line of a hospital, medial physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);

(ii)    To the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or

(iii)   To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or nay service for wh9ich the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

67. The text of the law above indicates that it is a violation of to make an ATDS call to a cellular telephone.

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

68. The calls identified herein were ATDS calls and the phone receiving them was the Plaintiff's cell phone and therefore the call was in violation of the TCPA and thus illegal, which the Defendants are liable for.

69. As a result of the Defendants' and/or their affiliates', agents' and/or other persons' or entities' acting on Defendants' behalf violations of the TCPA, Plaintiff is entitled to an award of (a) $500 in damages for calls made to his cellular telephone line using an automatic dialing system or (b) $1,500 for each knowing or willful violation.

70. It is apparent to a person of ordinary prudence that an ATDS call is not made by accident as it takes computer-programming skills and advanced electronic equipment and thus the call was made knowingly and willfully which entitles the Plaintiff to $1,500.00 damages from the Defendants.

71. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents and/or other persons acting on Defendants' behalf from violating the TCPA by initiating calls, except for emergency purposes, to any residential or cellular telephone using an automatic telephone dialing system.

**WHEREFORE**, Plaintiff demands Three Thousand Dollars ($3,000.00) plus the costs of filing of this suit as well as injunctive relief to prevent future telemarketing calls from Defendants.

### SECOND CLAIM FOR RELIEF

### (VIOLATIONS OF 47 C.F.R. § 64.1200(D) & 47 U.S.C. § 227(C)(5)

72. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

73. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of 47 C.F.R. §64.1200(d), by initiating a call for telemarketing purposes to Plaintiff without following procedures for maintaining a list of persons who request not to receive telemarking calls ("internal do-not-call list").  This includes Defendants' failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

74. On August 14, 2023, Plaintiff sent the Writ of Summon for this case along with a demand letter outlining their position and reason for their belief that Defendants have violated multiple provisions of the TCPA.  In response, Defendants' counsel, Duncan McQueen, provided a letter dated August 29, 2023, and several emails in which he makes a generalized statement about an alleged internal policy to remain compliant with the TCPA.  These statements fall short of a formalized written policy, and it is believed by Plaintiff that if ASB had a formalized written policy on TCPA compliance attorney McQueen would have provided the policy.

75. Plaintiff will serve ASB with discovery requests contemporaneously with this complaint demanding a copy of ASB's formalized written policy and util one is produced for Plaintiff to review, Plaintiff believes that ASB does not have a policy and even if they do it is not adequate to maintain compliance with the TCPA.

76. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of 47 C.F.R. § 64.1200(d), Plaintiff is entitled to an award of (a) $500 in statutory damages for each and every call in violation of the internal

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

do-not-call policy, pursuant to 47 U.S.C. § 227(c)(5)(B), and given the circumstances appears to be an intentional violation entitling Plaintiff to $1,500 for each violation.

77. Plaintiff is a member of the Internal Do-Not-Call Class and is also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

**WHEREFORE**, Plaintiff demands Three Thousand Dollars ($3,000.00) plus the costs of filing of this suit as well as injunctive relief to prevent future telemarketing calls from Defendants.

### THIRD CLAIM FOR RELIEF

### (VIOLATIONS OF 47 C.F.R. § 64.1200(C) & 47 U.S.C. § 227(C)(5) – NATIONAL DO-NOT-CALL REGISTRY – NATIONAL DO-NOT-CALL CLASS)

78. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

79. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(c), by initiating more than one telephone solicitation within a 12-month period to Plaintiff who have registered their telephone numbers with the National Do-Not-Call Registry.

80. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to an award of (a) $500 in statutory damages for each and every call initiated to

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

him, after registering his telephone numbers with the National Do-Not-Call Registry, pursuant to 47 U.S.C. § 227(c)(5)(B), or (b) $1,500 for each knowing or willful violation.

81. Defendants or agents of the Defendants operating on their behalf caused two phone calls to be placed to Plaintiff's cellphone on September 21, 2023.

82. Plaintiff is a member of the National Do-Not-Call list and is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating 47 C.F.R. § 64.1200(c) by initiating more than one telephone solicitation to any residential telephone subscriber who has registered his or her telephone numbers with the National Do-Not-Call Registry in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

**WHEREFORE**, Plaintiff demands Three Thousand Dollars ($3,000.00) plus the costs of filing of this suit as well as injunctive relief to prevent future telemarketing calls from Defendants.

## FOURTH CLAIM FOR RELIEF

## (VIOLATION OF THE PENNSYLVANIA TELEMARKETER

## REGISTRATION ACT 73 P.S. § 2245 AND PENNSYLVANIA UNFAIR TRADE AND CONSUMER

## PROTECTION LAW 73 P.S. 201 ET SEQ.)

83. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

84. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of 73 P.S. § 2245 by initiating an outbound telephone call to a person when that

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

person previously stated that he/she does not wish to receive an outbound telephone call made by or on behalf of the seller whose goods or services are being offered.

85. The Pennsylvania Telemarketers Registration Act which is cited as 73 P.S. § 2243 ("the Act") makes various requirements on business or entities as well as individuals who do telemarking in the Commonwealth to become registered and obtain a bond.

86. Plaintiff believes that Defendants are not registered as telemarketers and are therefore in violation of the act.

87. If Defendants are not registered as telemarketers, at a minimum, they violated the Act by placing multiple solicitation calls to the Plaintiff.

88. Second or subsequent violations under the Act can result in the offender's right to conduct telemarketing in the Commonwealth of Pennsylvania being revoked, *see* 73 P.S. § 2246 (b).

89. The act states that a violation of its requirements is also a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Act which entitles the plaintiff to make a claim under the aforementioned law.

90. Plaintiff avers that 73 P.S. § 2246 says in pertinent part, "Other law – A violation of this Act is also a violation of the act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer Protection Act.

91. Defendants violated the Act by failing to register under the Act, as well as by allowing their agents to fail to properly identify themselves when placing calls, which mislead Plaintiff.

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

**WHEREFORE**, Plaintiff demands Defendants' right to conduct telemarking in the Commonwealth of Pennsylvania be revoked, and declaratory relief finding that the Defendants violated the PTRA, is a de facto violation of the UTPCPL.

### FIFTH CLAIM FOR RELIEF

### (VIOLATION OF THE PENNSYLVANIA TELEMARKETER

### REGISTRATION ACT Violation of 73 P.S. § 2245.22245 AND PENNSYLVANIA UNFAIR TRADE

### AND CONSUMER PROTECTION LAW 73 P.S. 201 ET SEQ.))

92. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

93. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of 73 P.S. §2245.2 by initiating outbound telephone calls to a residential telephone subscriber who does not wish to receive telephone solicitation calls and has caused that his name, address, and telephone number to be enrolled on a do-not-call list maintained by the list administrator.

94. The Pennsylvania Telemarketers Registration Act which is cited as 73 P.S. § 2243 ("the Act") makes various requirements on business or entities as well as individuals who do telemarking in the Commonwealth to become registered and obtain a bond.

95. Plaintiff believes that Defendants are not registered as telemarketers and are therefore in violation of the act.

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

96. If Defendants are not registered as telemarketers, at a minimum, they violated the Act by placing multiple solicitation calls to the Plaintiff.

97. Second or subsequent violations under the Act can result in the offender's right to conduct telemarketing in the Commonwealth of Pennsylvania being revoked, *see* 73 P.S. § 2246 (b).

98. The act states that a violation of its requirements is also a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Act which entitles the plaintiff to make a claim under the aforementioned law.

99. Plaintiff avers that 73 P.S. § 2246 says in pertinent part, "Other law – A violation of this Act is also a violation of the act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer Protection Act.

100.     Plaintiff has placed his name and telephone number on the National Do-Not-Call registry indicating that he does not wish to receive outbound telephone calls on behalf of telemarketers seeking to sell goods and services.

101.     Under 73 P.S. § 2246 (a), A violation of a violation of 73 P.S. § 2245 is also a violation of the PA Unfair Trade Practices and Consumer Protection Law.

**WHEREFORE**, Plaintiff demands Defendants' right to conduct telemarking in the Commonwealth of Pennsylvania be revoked, and declaratory relief finding that the Defendants violated the PTRA, is a de facto violation of the UTPCPL.

**SIXTH CLAIM FOR RELIEF**

**(Violation of 73 P.S. § 2246, and Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-3, 201-9.2)**

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

102.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

103.    Under 73 P.S. § 2246 (a), A violation of the PTRA is also a violation of the act of December 17, 1968 (P.L. 1224, No 387) known as the Unfair Trade Practices and Consumer Protection Law.

104.    Under 73 P.S. § 201 (4) (iii) an unfair or deceptive act or practice is defined as, "Causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association with, or certification by, another."

105.    Under 73 P.S. § 201 (4) (ix) an unfair or deceptive act or practice is defined as, "Advertising goods or services with intent not to sell them as advertised."

106.    Under 73 P.S. § 201 (4) (xxi) an unfair or deceptive act or practice is defined as, "Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding."

107.    Under 73 P.S. § 201-3, methods of competition and unfair or deceptive acts or practices as defined in the act are declared unlawful.

108.    Under 73 P.S. § 201-9.2 (a) A private right of action is available for anyone who suffers a loss as the result of the use or employment of a method, act or practice declared unlawful by section 3 of the act.

109.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute a violation of 73 P.S. § 201, the violation of which entitles the Plaintiff to treble damages and payment of attorneys' costs and fees.

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

110.      Plaintiff states that Defendants engaged in unfair and/or deceptive acts or practices through their failure to comply with the PTRA which entitles him to $100 for each violation, plus treble damages, attorney's fees and costs.

**WHEREFORE**, Plaintiffs demand statutory damages of $100 for every violation of the UTPCPL, treble damages, attorney's fees and costs of the suit.

### LIABILITY

111.      All previous paragraphs of this complaint are incorporated by reference.

112.      Plaintiff reserves the right to pierce the corporate veil under the doctrine of under-capitalization.

113.      Plaintiff reserves the right to pierce the corporate veil under the doctrine of alter ego.

114.      Any mistake made by Defendants would have included a mistake of law.

115.      Any mistake made by Defendants would not have been reasonable or bona fide mistakes.

### REQUEST FOR RELIEF

A.   That the Court enter a judgment permanently enjoining the Defendants from engaging in or relying upon telemarketing, or, alternatively, from engaging in or relying upon telemarketing that violates the TCPA;

B.   That, should the Court permit the Defendants to engage in or rely on telemarketing, it enters a judgment requiring them to adopt measures to ensure TCPA compliance, and

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

that the Court retain jurisdiction for a period of six months to ensure that the Defendant

complies with those measures;

C.   That the Court enter a judgment awarding any other injunctive relief necessary to

ensure the Defendant's compliance with the TCPA;

D.   That the Plaintiff be awarded statutory damages of $500 for each negligent violation of

the TCPA, and $1,500 for each knowing violation.

E.   That Defendants' right to conduct telemarketing in the Commonwealth of Pennsylvania

be revoked.

F.   That the Plaintiff be awarded statutory damages of $500 for each violation of the

Pennsylvania Unfair Trade Practices and Consumer Protection Act.

E.   That the Court enter an order awarding the Plaintiff's reasonable attorneys' fees

and costs; and

G.   That the Plaintiff be granted other relief as is just and equitable under the

circumstances.

**DEMAND FOR JURY IS MADE**

Plaintiff demands a trial by jury for all issues so triable.

Dated: _____
       10/10/2023

Respectfully Submitted,
/S/ SHANE L. WEAVER, ESQ.

Shane Weaver, Attorney ID # 206486
Email: commonpleas@shaneweaverlaw.com
Shane L. Weaver and Associates
33 Robin Hood Dr.
Etters, PA 17319

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

I, Shane L. Weaver, verify that the statements contained in the foregoing pleading are true and correct to the best of my knowledge, information, and belief.  I understand that false statements therein are made subject to penalties of 18 PA. C.S. § 4904, relating to unsworn falsification to authorities.


DATE: ___10/10/2023_____        BY: _____

                                                          Shane L. Weaver

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546

Shane Weaver, Attorney ID # 206486
Email: commonpleas@shaneweaverlaw.com
Shane Weaver Law
33 Robin Hood Dr.
Etters, PA 17319
*Attorney for Plaintiff*

IN THE COURT OF COMMON PLEAS
OF BERKS COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| SHANE L WEAVER | : | |
| 3226 EISENBROWN ROAD | : | CASE NO.  23-12546 |
| READING, PA 19605 | : | |
| Plaintiff | : | |
| v. | : | |
| AMERICAN SENIOR BENEFITS, LLC; | : | |
| CLAYTON LEGEYT; and JAMES | : | |
| SWEENEY | : | |
| | : | |
| Defendants | : | |

## **CERTIFICATION OF SERVICE**

TO THE PROTHONOTARY:

Shane L. Weaver, Esq., Attorney for Plaintiff herein, certifies to the Court that a true and correct copy of Plaintiff's Complaint was served by regular mail, on the date listed below, on the persons at the address below:

TO:

| American Senior Benefits, LLC. | Clayton Legeyt | James Sweeney |
|---|---|---|
| C/O Corporate Service Company | C/O Corporate Service Company | C/O Corporate Service Company |
| 3366 Riverside Drive, Suite 103 | 3366 Riverside Drive, Suite 103 | 3366 Riverside Drive, Suite 103 |
| Upper Arlington OH 43221 | Upper Arlington OH 43221 | Upper Arlington OH 43221 |

10/10/2023

Date: _____

_____

SHANE L. WEAVER, ESQ.
Attorney for Plaintiff

## <u>PUBLIC ACCESS POLICY CERTIFICATION</u>

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that requires filing confidential information and documents differently than non-confidential information and documents.

_____

Attorney for Defendant
Shane L. Weaver, Esq.
Attorney ID: 206486
33 Robin Hood Drive.
Etters, PA 17319
717-938-5001
commonpleas@shaneweaverlaw.com

Received County of Berks Prothonotary's Office on 10/10/2023 11:56 AM Prothonotary Docket No. 23-12546